AURORA FIRE FIGHTERS LOCAL 1290, IAFF, and Aurora Police Association, Plaintiffs-Appellees,

v.

CIVIL SERVICE COMMISSION OF the CITY OF AURORA, Defendant-Appellant.

No. 81CA0282.

Colorado Court of Appeals, Div. II.

Nov. 27, 1981.

Brauer, Simons & Buescher, P. C., Thomas B. Buescher, Denver, for plaintiffs-appellees.

Patrick E. Kowaleski, Aurora, for defendant-appellant.

KELLY, Judge.

The plaintiffs brought this action against the Civil Service Commission of the City of Aurora seeking to enjoin enforcement of Section IV, Paragraph 15 of the Civil Service Rules and seeking to have it declared void, alleging that it is contrary to § 3–12–4(3) of the Aurora City Charter and is arbitrary, capricious, and unreasonable. The trial court granted the relief sought, and the Civil Service Commission asserts error. We affirm.

Section 3–12–4(3) of the Aurora City Charter provides for promotions by the Civil Service Commission in the following manner:

"All examinations for promotions shall be competitive among such members of each department as are qualified and desire to submit themselves to examination. The Commission shall submit to the appointing authority the list with the names of all members who have satisfactorily passed the entire examination, in the order in which their grades place them, and the appointing authority, after having reviewed a list duly certified, shall make promotions therefrom in the order in which they appear."

Section IV of the Aurora Civil Service Commission Regulations is broken into several subparagraphs which provide, among other things, for written examination, oral examination, and physical fitness test. The challenged provision appears in Aurora Civil Service Commission Regulations, Sec. IV, ¶ 15, which provides in pertinent part:

"Examinations shall be open to all applicants who possess the minimum qualifications prescribed by the Commission. Examinations shall be held, as may be required, to establish eligibility lists from which vacancies existing in the Civil Service System are filled. The Commission shall be responsible for the tests to be used, which may be: written, oral, practical, physical, medical, polygraphic, psychological, or any combination thereof, and any new tests which may be helpful in evaluating ability to serve as required. *In regard to promotional examinations, the Commission may decide to further test only the top-ranking applicants from the written test to equal two (2) times the number of expected vacancies to be filled during the life of the eligibility list.*" (emphasis added)

The Commission argues that the trial court erred in concluding that the emphasized portion of the quoted rule is in conflict with the Charter and therefore void. We disagree.

■ To be competitive, examinations must be open to all who are eligible so that they may match their qualifications against one another. *See Civil Service Commission v. Frazzini,* 132 Colo. 21, 287 P.2d 433 (1955). *See generally 3 E. McQuillin, Municipal Corporations* § 12.78b (rev. 3rd ed. 1973). The Aurora City Charter clearly calls for this kind of competitive examination, and explicitly requires that those who are qualified may submit themselves to the entire examination. The fact that examinations may not be written examinations does not mean that they are not competitive. *See Civil Service Commission v. Frazzini, supra.*

■ Since the emphasized portion of the rule at issue is in conflict with § 3–12–4(3) of the Aurora City Charter, the trial court properly concluded that that portion of the

rule is void. *See Feldman v. Cory*, 115 Colo. 113, 169 P.2d 317 (1946). This being so, it is unnecessary to consider whether the regulation is arbitrary, capricious, and unreasonable.

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.